22

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

D-1 JOHN HENRY RANKIN, III,
D-2 DR. BETH CARTER,
D-3 DR. ROBERT KENEWELL,
D-4 DR. JASON BRUNT,
D-5 DR. JOHN SWAN,
D-7 TONI GREEN, NP,
D-8 FITZGERALD HUDSON,
D-9 VIRENDRA GAIDHANE,
D-10 MAKSUDALI SAIYAD, R.PH,
D-11 ADENIYI ADEPOJU, R.PH,
D-12 ALI SABBAGH, R.PH,
D-13 ROBERT KING,
D-14 JERMAINE HAMBLIN,
D-15 SONYA MITCHELL,
D-17 ROBERT LEE DOWER, JR,
D-18 DENISE SAILES,
D-20 JULIUS WILLIAMS, JR,
D-21 TARA TRUITT,

           Defendants.

_____/

CRIMINAL NO. 20-CR-20233

HON. BERNARD A. FRIEDMAN

VIOLATIONS:
21 U.S.C. §§841(a)(1) and 846

**FILED**
**CLERK'S OFFICE**

**MAY 1 2 2021**

**U.S DISTRICT COURT**
**EASTERN MICHIGAN**

## SUPERSEDING INDICTMENT

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

1.     Beginning in or about September 2017 and continuing up to and including June 2020, a scheme and pattern of illegal conduct involving the unlawful acquiring and distribution of prescription drug controlled substances was formed and active within the Eastern District of Michigan and elsewhere. The named defendants and others, both known and unknown to the grand jury, joined and participated in this activity at different times, played different roles, operated in multiple locations, and engaged in different aspects of the overall scheme.

2.     Purported medical practices and clinics were organized and operated, including Preferred Rehab Clinic, P.C. ("Preferred Rehab") and New Vision Rehab Center, Inc. ("New Vision"). A fundamental purpose of these entities was to create prescriptions for controlled substances that could be filled at pharmacies. The purpose of filling the prescriptions was not for the legitimate treatment of patients, but rather to obtain controlled substances that could be sold at a substantial profit on the illegal street market, both in the Detroit area and elsewhere.

3.     The primary prescription drug controlled substances illegally prescribed and distributed included Schedule II controlled substances Oxycodone, Oxymorphone, Oxycodone-Acetaminophen (Percocet), Hydrocodone,

Hydrocodone-Acetaminophen; and Schedule V controlled substance promethazine with codeine cough syrup.   These drugs were in high demand on the illegal street market, particularly Oxycodone 30mg and Oxymorphone 40mg.   During the time frame of this conspiracy, one pill of Oxycodone 30mg sold for approximately $26 locally to $80 or more out of state; and one pill of Oxymorphone 40mg sold for approximately $57 locally to $100 or more out of state.

4.     The medical professionals named in this Indictment prescribed a combined total of more than 1,951,148 dosage units of Schedule II controlled substances and 739 prescriptions for promethazine with codeine cough syrup. The Oxycodone and Oxymorphone, alone, carried a conservative street value of more than $41 million.   The pharmacies identified in this Indictment dispensed more than 58,725 dosage units of Schedule II controlled substances prescribed by the medical professionals at these clinics.

5.     Most of the unlawful controlled substance prescriptions were paid for in cash.   However, in addition, both the controlled substances and non-controlled "maintenance" medications would be billed to health care benefit programs by the pharmacies.   This "maintenance medication" was used in order to make the doctor's prescribing practices appear more legitimate by reducing the percentage of controlled substance prescriptions.   The adding of maintenance medications

3

also increase the profits made by the cooperating pharmacies.   Billings to the

Medicare and Medicaid programs for medically unnecessary prescription drug

medications during the course of this conspiracy exceeded $146,000.

6.   The owner and manager of the purported medical practices and clinics

was JOHN HENRY RANKIN, III.   It was his role to run the day to day

operations of the clinics which purported to provide health services to patients and

employed physicians and nurse practitioners.   It was further the role of JOHN

HENRY RANKIN, III to collect cash payment for issuance of the control

substance prescriptions.   He hired and employed medical professionals to work at

the clinics to unlawfully dispense the control substance prescriptions.

7.   These medical professionals included DR. BETH CARTER, DR.

ROBERT KENEWELL, DR. JASON BRUNT, DR. JOHN SWAN, JEAN

PINKARD, NP and TONI GREEN, NP.   Each was licensed by the State of

Michigan to practice medicine and authorized by the Drug Enforcement

Administration (DEA) to prescribe controlled substances.   Each of these

prescribers knowingly prescribed prescription drug controlled substances outside

the course of legitimate medical practice and for no legitimate medical purpose, in

furtherance of the scheme.   The medical professionals employed in these clinics

generated income by writing controlled substance prescriptions or by signing blank

4

prescriptions that would be completed as controlled substance prescriptions by a conspirator.   They also issued prescriptions after either a cursory examination by the prescribing medical professional or without any examination at all.

8.     At times during the scheme, patient names would simply be provided and the medical professionals would write prescriptions and create patient charts without examining any purported patient.   At other times, FITZGERALD HUDSON, an unlicensed medical professional, who was not legally authorized to prescribe controlled substances or practice as doctor, would pose as a doctor and issue pre-signed controlled substance prescriptions in the names of other providers.

9.     When JOHN HENRY RANKIN, III was unable to manage the medical practices, he hired and utilized the services of office employees, including SONYA MITCHELL, LAVAR CARTER, ROBERT LEE DOWER, JR, DENISE SAILES, JULIUS WILLIAMS, JR and TARA TRUITT.   It was their role to facilitate the prescribing of the controlled substances by the medical professionals and to provide the illegitimate prescriptions to patient recruiters/marketers; and to collect payment for the controlled substance prescriptions.

10.     It was the role of ROBERT KING, JERMAINE HAMBLIN, JULIUS WILLIAMS, JR, and others, to serve as patient recruiters or marketers who recruited and maintained a cadre of "fake" patients in order to obtain an inventory

of controlled substances for illegal street trafficking.   The patient recruiters would

provide the names and identifying information of the fake patients to JOHN

HENRY RANKIN, III or others affiliated with the purported medical clinics in

order to obtain control substance prescriptions in their names.   The controlled

substance prescriptions would not be provided to the purported patient, but rather

to the patient recruiter or marketer responsible for obtaining the patient or the

patient's identification information.

11.   The patient recruiter or marketer would then fill the controlled

substance prescriptions at a pharmacy, usually a cooperating pharmacy.

Cooperating pharmacies included Detroit New Hope Pharmacy (owner

VIRENDRA GAIDHANE, pharmacist MAKSUDALI SAIYAD, pharmacy tech

DEWAYNE BASON), Synergy Pharmacy (pharmacy technician DEWAYNE

BASON), Nottingham Pharmacy (owner VIRENDRA GAIDHANE), Crownz

Medical Pharmacy (pharmacist ADENIYI ADEPOJU), Franklin Healthmart

(pharmacist ALI SABBAGH), and others.

12.   Before dispensing the medically unnecessary controlled substance

prescriptions, pharmacists MAKSUDALI SAIYAD, R.PH, ADENIYI ADEPOJU

R,PH., and ALI SABBAGH, R.PH failed to exercise their corresponding

professional responsibility to determine that the prescriptions were issued for a

6

legitimate medical purpose by an individual practitioner acting in the usual course of professional practice.

13.     In furtherance of the conspiracy, defendants VIRENDRA GAIDHANE, MAKSUDALI SAIYAD, R.PH and DEWAYNE BASON would "slot appointments," and only fill prescriptions for certain patients, certain doctors at certain times, irrespective of the medical necessity of the prescription, in an effort to avoid detection of the drug diversion scheme.

14.     Once the recruiter or marketer obtained the prescription controlled substances from a pharmacy, the drugs would be transferred and sold on the illegal street market, usually through a network of controlled substance distributors.   At times, JOHN HENRY RANKIN, III would also secure the controlled substances so that he and others could have them distributed on the illegal street market, both in the metro Detroit area and out of state.

These general allegations are adopted and incorporated in each count of this Indictment.

**COUNT ONE**
*(21 U.S.C. §§ 841(a)(1), 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)*

D-1 JOHN HENRY RANKIN, III,
D-2 DR. BETH CARTER,
D-3 DR. ROBERT KENEWELL,

D-4 DR. JASON BRUNT,
D-5 DR. JOHN SWAN,
D-7 TONI GREEN, NP,
D-8 FITZGERALD HUDSON,
D-9 VIRENDRA GAIDHANE,
D-10 MAKSUDALI SAIYAD, R.PH,
D-11 ADENIYI ADEPOJU, R.PH,
D-12 ALI SABBAGH, R.PH,
D-13 ROBERT KING,
D-14 JERMAINE HAMBLIN,
D-15 SONYA MITCHELL,
D-17 ROBERT LEE DOWER, JR,
D-18 DENISE SAILES,
D-20 JULIUS WILLIAMS, JR,
D-21 TARA TRUITT

15. Beginning in or about September 2017, and continuing until in or about June 2020, in the Eastern District of Michigan, Southern Division, and elsewhere, defendants JOHN HENRY RANKIN, III, DR. BETH CARTER, DR. ROBERT KENEWELL, DR. JASON BRUNT, DR. JOHN SWAN, TONI GREEN, FITZGERALD HUDSON, VIRENDRA GAIDHANE, MAKSUDALI SAIYAD, R.PH, ADENIYI ADEPOJU, R.PH, ALI SABBAGH, R.PH, ROBERT KING, JERMAINE HAMBLIN, SONYA MITCHELL, ROBERT LEE DOWER, JR, DENISE SAILES, JULIUS WILLIAMS, JR, TARA TRUITT, and others, both known and unknown to members of the grand jury, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree with each other and other persons not named in this Indictment, to commit offenses against the United States,

8

that is, to knowingly, intentionally and unlawfully possess with intent to distribute

and to distribute controlled substances, including but not limited to the Schedule II

controlled substances Oxycodone, Oxymorphone, Oxycodone-Acetaminophen

(Percocet), Hydrocodone, Hydrocodone-Acetaminophen; and Schedule V

controlled substance promethazine with codeine cough syrup.

All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

### COUNTS TWO – SIX
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances
18 U.S.C. § 2 Aiding and Abetting)*

D-1    JOHN HENRY RANKIN, III
D-2    DR. BETH CARTER

16.    On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants JOHN HENRY RANKIN, III and DR.

BETH CARTER did knowingly, intentionally, and unlawfully distribute and aid

and abet each other in distributing the identified prescription drug controlled

substances by writing and dispensing prescriptions outside the scope of usual

professional practice for no legitimate medical purpose, in the names of individuals

as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|-------|--------------------|--------------------|---------|----------------------|-------------|
| 2 | 4/13/18 | 4/17/18 | B.K. | Oxycodone 30mg | 90 |
| 3 | 4/13/18 | 4/17/18 | J.M. | Oxycodone 30mg | 90 |
| 4 | 11/27/18 | 11/27/18 | E.J. | Oxycodone 30mg | 90 |
| 5 | 5/29/19 | 5/29/19 | V.W. | Oxycodone 30mg | 90 |
| 6 | 10/10/19 | 10/16/19 | C.G. | Oxycodone 30mg | 75 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS SEVEN - THIRTEEN
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1   JOHN HENRY RANKIN, III
D-3   DR. ROBERT KENEWELL

17.   On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendants JOHN HENRY RANKIN, III and DR. ROBERT KENEWELL, did knowingly, intentionally, and unlawfully distribute and aid and abet each other in distributing the identified prescription drug controlled substances by writing and dispensing prescriptions outside the scope of usual professional practice for no legitimate medical purpose, in the names of individuals as follows:

10

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 7 | 3/27/20 | 4/6/20 | R.K. | Oxymorphone 40mg | 60 |
| 8 | 4/23/20 | 4/24/20 | B.K. | Oxycodone 30mg | 60 |
| 9 | 3/16/20 | 3/16/20 | B.S. | Oxycodone 30mg | 90 |
| 10 | 3/24/20 | 3/30/20 | V.W. | Oxymorphone 40mg | 60 |
| 11 | 4/2/20 | 4/2/20 | C.R. | Oxycodone 30mg | 90 |
| 12 | 4/9/20 | 4/15/20 | R.H. | Oxycodone 30mg | 90 |
| 13 | 4/28/20 | 4/29/20 | D.W. | Hydrocodone-Acetaminophen 10/325mg | 90 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS FOURTEEN – NINETEEN
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1    JOHN HENRY RANKIN, III
D-4    DR. JASON BRUNT

18.    On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants JOHN HENRY RANKIN, III and Dr.

JASON BRUNT, did knowingly, intentionally, and unlawfully distribute and aid

and abet each other in distributing the identified prescription drug controlled

substances by writing and dispensing prescriptions outside the scope of usual

11

professional practice for no legitimate medical purpose, in the names of individuals

as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 14 | 8/12/19 | 8/12/19 | R.K. | Oxymorphone 40mg | 60 |
| 15 | 8/15/19 | 8/16/19 | J.M. | Oxymorphone 40mg | 60 |
| 16 | 8/20/19 | 8/22/19 | T.C. | Oxycodone 30mg | 90 |
| 17 | 8/26/19 | 8/27/19 | B.S. | Oxymorphone 40mg | 60 |
| 18 | 3/31/20 | 3/31/20 | D.R. | Alprazolam 2mg (Xanax) | 90 |
| 19 | 3/31/20 | 3/31/20 | W.D. | Dextroamp-Amphetamine 30mg (Adderall) | 60 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS TWENTY – TWENTY-FIVE
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1   JOHN HENRY RANKIN, III
D-5   DR. JOHN SWAN

19.    On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants JOHN HENRY RANKIN, III and Dr.

JOHN SWAN, did knowingly, intentionally, and unlawfully distribute and aid and

abet each other in distributing the identified prescription drug controlled

substances by writing and dispensing prescriptions outside the scope of usual professional practice for no legitimate medical purpose, in the names of individuals as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 20 | 1/3/20 | 1/7/20 | T.L | Oxycodone 30mg | 90 |
| 21 | 2/26/20 | 3/3/20 | D.J. | Oxycodone-Acetaminophen 10/325mg | 90 |
| 22 | 4/2/20 | 4/6/20 | L.H. | Hydrocodone-Acetaminophen 10/325mg | 90 |
| 23 | 4/2/20 | 4/7/20 | S.S. | Hydrocodone-Acetaminophen 10/325mg | 90 |
| 24 | 4/24/20 | 4/27/20 | M.J. | Oxycodone 30mg | 100 |
| 25 | 4/27/20 | 4/27/20 | W.J. | Oxycodone 30mg | 100 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS TWENTY-SIX – THIRTY-ONE
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1   JOHN HENRY RANKIN, III

20.     On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendants JOHN HENRY RANKIN, III and Nurse Practitioner Jean Pinkard, did knowingly, intentionally, and unlawfully

13

distribute and aid and abet each other in distributing the identified prescription

drug controlled substances by writing and dispensing prescriptions outside the

scope of usual professional practice for no legitimate medical purpose, in the

names of individuals as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 26 | 11/22/19 | 11/22/19 | C.G. | Oxycodone 30mg | 75 |
| 27 | 12/17/19 | 12/18/19 | B.S. | Oxymorphone 40mg | 60 |
| 28 | 12/30/19 | 12/30/19 | R.K | Oxycodone 30mg | 75 |
| 29 | 2/17/20 | 2/17/20 | V.W. | Oxymorphone 40mg | 60 |
| 30 | 2/24/20 | 2/25/20 | J.M. | Oxymorphone 40m | 60 |
| 31 | 4/27/20 | 4/28/20 | J.W. | Oxycodone 30mg | 90 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNTS THIRTY-TWO – THIRTY-SEVEN
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-1   JOHN HENRY RANKIN, III
D-7   TONI GREEN, NP

21.    On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants JOHN HENRY RANKIN, III and

Nurse Practitioner TONI GREEN, did knowingly, intentionally, and unlawfully

14

distribute and aid and abet each other in distributing the identified prescription drug controlled substances by writing and dispensing prescriptions outside the scope of usual professional practice for no legitimate medical purpose, in the names of individuals as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 32 | 10/9/18 | 10/10/18 | C.D. | Oxymorphone 40mg | 60 |
| 33 | 10/12/18 | 10/12/18 | D.J. | Oxycodone 30mg | 90 |
| 34 | 12/5/18 | 12/12/18 | T.S. | Oxycodone 30mg | 90 |
| 35 | 1/4/19 | 1/15/19 | T.C. | Oxycodone 30mg | 90 |
| 36 | 4/12/19 | 4/12/19 | T.S. | Oxycodone-Acetaminophen 10/325mg | 90 |
| 37 | 2/28/20 | 2/28/20 | M.H. | Oxycodone 30mg | 90 |

All in violation of Title 21, United States Code, Section 841(a)(1).

### COUNTS THIRTY-EIGHT – THIRTY-NINE
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-4 DR. JASON BRUNT
D-9 VIRENDRA GAIDHANE,
D-10 MAKSUDALI SAIYAD, R.PH,
D-14 JERMAINE HAMBLIN,

22.     On or about each of the dates set forth below, in the Eastern District of Michigan, Southern Division, defendants DR. JASON BRUNT, VIRENDRA

15

GAIDHANE, MAKSUDALI SAIYAD, R.PH and JERMAINE HAMBLIN, did

knowingly, intentionally, and unlawfully distribute and aid and abet each other in

distributing the identified prescription drug controlled substances by writing and

dispensing prescriptions outside the scope of usual professional practice for no

legitimate medical purpose, in the names of individuals as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|--------|--------|--------|--------|--------|--------|
| 38 | 9/9/19 | 9/10/19 | V.W. | Oxymorphone 40mg | 60 |
| 39 | 9/9/19 | 9/16/19 | G.C. | Oxymorphone 40mg | 60 |

All in violation of Title 21, United States Code, Section 841(a)(1).

### COUNTS FORTY – FORTY-ONE
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances
18 U.S.C. § 2 Aiding and Abetting)*

D-4 DR. JASON BRUNT
D-9 VIRENDRA GAIDHANE,
D-10 MAKSUDALI SAIYAD, R.PH,
D-14 JERMAINE HAMBLIN,

23.    On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants DR. JASON BRUNT, VIRENDRA

GAIDHANE, MAKSUDALI SAIYAD, R.PH, JERMAINE HAMBLIN and

Dewayne Bason, did knowingly, intentionally, and unlawfully distribute and aid

and abet each other in distributing the identified prescription drug controlled

substances by writing and dispensing prescriptions outside the scope of usual

professional practice for no legitimate medical purpose, in the names of individuals

as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 40 | 9/9/19 | 9/11/19 | B.K. | Oxycodone 30mg | 75 |
| 41 | 9/10/19 | 9/13/19 | N.Y. | Oxymorphone 40mg | 60 |

All in violation of Title 21, United States Code, Section 841(a)(1).


### COUNTS FORTY-TWO – FORTY-THREE
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-4 DR. JASON BRUNT,
D-12 ALI SABBAGH, R.PH,
D-13 ROBERT KING,

24.     On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants DR. JASON BRUNT, ALI

SABBAGH, R.PH and ROBERT KING, did knowingly, intentionally, and

unlawfully distribute and aid and abet each other in distributing the identified

prescription drug controlled substances by writing and dispensing prescriptions

outside the scope of usual professional practice for no legitimate medical purpose,

in the names of individuals as follows:

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 42 | 1/20/20 | 1/24/20 | H.J. | Oxymorphone 40mg | 60 |
| 43 | 1/29/20 | 1/29/20 | J.H. | Oxymorphone 40mg | 60 |

All in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FORTY-FOUR
*(21 U.S.C. § 841(a)(1) - Unlawful Distribution of Controlled Substances*
*18 U.S.C. § 2 Aiding and Abetting)*

D-3 DR. ROBERT KENEWELL,
D-12 ALI SABBAGH, R.PH,
D-13 ROBERT KING,

25.     On or about each of the dates set forth below, in the Eastern District

of Michigan, Southern Division, defendants DR. ROBERT KENEWELL, ALI

SABBAGH, R.PH and ROBERT KING, did knowingly, intentionally, and

unlawfully distribute and aid and abet each other in distributing the identified

prescription drug controlled substances by writing and dispensing prescriptions

outside the scope of usual professional practice for no legitimate medical purpose,

in the names of individuals as follows:

18

| COUNT | ISSUED ON OR ABOUT | FILLED ON OR ABOUT | PATIENT | CONTROLLED SUBSTANCE | DOSAGE UNIT |
|---|---|---|---|---|---|
| 44 | 1/1/20 | 1/10/20 | D.M. | Oxymorphone 40mg | 60 |

## FORFEITURE ALLEGATION
### (*21 U.S.C. § 853 – Criminal Forfeiture*)

26.     The allegations contained in Counts 1 through 44 of this Indictment are hereby incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

27.     Pursuant to 21 U.S.C. § 853, upon conviction of violations of 21 U.S.C. §§ 841 and 846 as alleged above, Defendants shall forfeit to the United States: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violations; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

28.     Such property includes, but is not limited to, a money judgment in an amount to be determined of all proceeds derived from the conduct, and all traceable interest and proceeds, for which Defendants are liable. Such sum in aggregate is property representing the proceeds of the aforementioned offenses, or

money that was involved in the aforementioned violations, or is traceable to such property.

29.     Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), Defendants shall forfeit substitute property, up to the value of the properties described above, if, by any act or omission of Defendants, the property described above cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

THIS IS A TRUE BILL

*s/GRAND JURY FOREPERSON*
GRAND JURY FOREPERSON

SAIMA S. MOHSIN
Acting United States Attorney

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
Assistant United States Attorney


*s/BRANDY R. McMILLION*
BRANDY R. McMILLION
MITRA JAFARY-HARIRI
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9622
Email: brandy.mcmillion@usdoj.gov
Email: mjafary-hariri@usdoj.gov


Dated: May 12, 2021

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | **Case Number**<br>20-cr-20233 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 21-CR-20148 |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)¹:** | **Judge Assigned:** Hon. Bernard A. Friedman |
| ☒ Yes ☐ No | **AUSA's Initials:** _(signature)_ |

**Case Title:** USA v.  JOHN HENRY RANKIN, III, et al.

**FILED**
**CLERK'S OFFICE**
**MAY 1 2 2021**
**U.S DISTRICT COURT**
**EASTERN MICHIGAN**

**County where offense occurred :**  WAYNE

**Check One:**      ☒ **Felony**           ☐ **Misdemeanor**      ☐ **Petty**

____Indictment/____Information --- **no prior complaint.**

____Indictment/____Information --- based upon prior complaint [Case number:                    ]

__✓__Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 20-CR-20233                    **Judge:**  Hon.  Bernard A. Friedman

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| D-20 JULIUS WILLIAMS, JR<br>D-21 TARA TRUITT | 21 U.S.C. §§ 841(a)(1),<br>846 - Conspiracy and<br>Illegal Distribution of a<br>Controlled Substance | |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

May 12, 2021
Date

_(signature)_
BRANDY R. MCMILLION
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9622
Fax:    (313) 226-2621
E-Mail address: brandy.mcmillion@usdoj.gov
Attorney Bar #:  P69838

¹ Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.