UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THE UNITED STATES OF AMERICA,**
*Plaintiff,*
*v.*

Case No. 20-cr-20233
Judge: BERNARD A. FRIEDMAN

**JULIUS WILLIAMS,**
*Defendant.*

---

## DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Julius Williams, by and through his attorney Joseph R. Arnone, submits this Sentencing Memorandum. Mr. Williams is scheduled to be sentenced on February 13, 2024. Mr. Williams's sentencing guideline range, as calculated by probation is 70-87 months. He is requesting the Court sentence him to a less severe sentence based on the facts and law set forth in this memorandum.

### I.   Procedural History

Mr. Williams relies in the procedural history as outlined in his Pre-Sentence Investigation Report.

### II.  Statement of Facts

Mr. Williams relies on the Factual Basis for Guilty Plea in the Rule 11

Agreement for his Statement of facts.

## III. SENTENCING GUIDELINE CALCULATIONS RELEVANT §3553(a)

In imposing the ultimate sentence, the district court must consider all of the factors set forth in § 3553(a). *United States v. Harris,* 490 F.3d 589, 593 (7th Circuit 2007), cert. denied, 128 S. Ct. 963; 169 L. Ed. 2d 770 (2008).

After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing: just punishment, deterrence, and protection of the public and rehabilitation of the defendant.

(§ *3553(a)(2))*

The sentencing guidelines, as calculated by probation, total a range 70-87 months.

**§3553(a)(1): Nature of the Offense and History and Characteristics of the Defendant**    The history and characteristics of Mr. Williams, up to the sentencing offense, are unremarkable. His childhood was not shattered by tragedy or abuse and, as his Pre-Sentence Investigative Report (PSIR) accurately reflects, he was provided with a suitable upbringing. True, Mr. Williams faced adversity and his life was not a fairy tale, but he moved

forward and remained motivated by the natural reward process that occurs in the human brain causing him to seek the natural pleasures of life such as independence, secure employment, and a healthy relationship. The drastic and negative changes that occurred in his life, and have brought him before the Court, can be directly correlated with his Drug abuse that began when his mother passed. As such, serves as a marker for when and how this offense occurred.

Mr. Williams met his Co-defendant's, through his drug abuse. He acknowledges that the nature of the sentencing offense is serious because of how his actions impacted the opiate epidemic that exists in this country. Further, he does not offer his addiction as an excuse for his actions, but rather presents it as an acknowledgement of the harm that occurred and explain to the Court, why he was able to disregard his knowledge of this at the time he committed the offense.

**§3553(a)(2)(A): Seriousness of the Offense, Promoting Respect for Law and
Providing Just Punishment**

No doubt, engaging in illegal activity of this type is a serious matter. Mr. Williams has taken responsibility for his actions and understands the seriousness of his conduct. The advisory guideline range for the sentencing offenses has been determined by Congress to be just punishment for his

actions and Congress has considered the appropriate variables for his offense conduct. Further, a sentence within guideline range will not consider factors Congress has determined may warrant downward departure from the advisory guideline range. Such a sentence will not promote respect for the law or provide just punishment.

### §3553(a)(2)(B)&(C): Deterrence and Protection of the Public

Protection of the public and deterrence is being addressed by any period of incarceration that Mr. Williams is facing and will achieve the objectives of this section by deterring others from engaging in such conduct. Mr. Williams is not by nature a violent criminal nor was he a member of a criminal enterprise. He faces a substantial period of incarceration and order of forfeiture that will be sufficient to deter like offenders from engaging in such conduct.

Additionally, it is clear that Mr. Williams's actions were the result of a drug addiction. Treatment and counseling will better serve to promote deterrence of similar conduct by providing reasonable assurances that he will not reoffend. As such, a substantial period of incarceration will not promote the goals of this section because the crimes occurred out of the drug addiction.

### §3553(a)(2)(D): To provide Defendant with Needed Educational or Vocation Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Counseling and drug treatment are necessary in this case. Mr. Williams has openly admitted that he has a drug and gambling problems. Treatment for both is correctional treatment that will benefit Mr. Williams in the future and provide reasonable assurances that he will not reoffend.

### §3553(a)(6): Avoiding Unwarranted Sentencing Disparities

Some of Mr. Williams's Co-defendants has already been sentenced for similar offenses and the Court should consider both the similarities and the differences of all like offenders as well as their sentence imposed by the Court.

**SENTENCING REQUEST**

Keeping in mind the factors set forth above, a lengthy sentence of incarceration would not serve any greater purpose to satisfy the goals of 3553(a). Based on the foregoing Mr. Williams respectfully requests that this Honorable Court exercise its judgment and sentence him in a manner that is sufficient, but not greater than necessary to reach the ends of justice.

                              Respectfully submitted,

                              */s/ Joseph R. Arnone*

                              _____

                              Joseph R. Arnone (P68572)
                              Attorney for Defendant
                              24518 Harper Ave
                              St. Clair Shores, MI 48080
                              Tel: (586) 777-7720
February 12, 2024            Fax: (586) 279-3884
                              joseph@arnone-law.com

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document and this certificate of service were filed with the United States District Court, Eastern District of Michigan and served upon the appropriate parties via EM/ECF on February 12, 2024.  I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

*/s/ Arley Lezell*

_____
Arley Lezell
Legal Assistant
Arnone Law, PLLC
24518 Harper Ave
St. Clair Shores, MI 48080
PH: (586) 777-7720
FX: (586) 279-3884
*Assistant@arnone-law.com*